**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SADDY JULIANA PABON CELIS, | No. 25-788 |
| Petitioner, | Agency No. A240-624-938 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025**

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Saddy Juliana Pabon Celis,[1] a native and citizen of Colombia, petitions pro

se for review of an order of the Board of Immigration Appeals dismissing an

appeal of an immigration judge's ("IJ") decision denying her applications for

---

*         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]        The Clerk will amend the caption to remove petitioner Yajaira Pabon
Celis, A-number 240-624-939, consistent with the final removal order in the
certified administrative record.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We do not disturb the agency's determination that Pabon Celis failed to show she suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, do not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Pabon Celis does not challenge the agency's determination that she failed to establish that relocation within Colombia was unreasonable, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003) ("[T]he IJ may deny eligibility for asylum . . . where the evidence establishes that internal relocation is a

reasonable option under all of the circumstances.”).

Because Pabon Celis failed to show eligibility for asylum, she failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, Pabon Celis' asylum and withholding of removal claims fail.

In light of this disposition, we need not reach Pabon Celis' remaining contentions regarding the merits of her asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT protection because Pabon Celis failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if she returned to Colombia. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**

25-788